UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

E.A.,

                          Petitioner,

            -against-                                    18 Civ. 7603 (CM)

CYNTHIA BRANN, Commissioner,
New York City Department of Corrections,

                          Respondent.

AFFIRMATION IN OPPOSITION TO
PETITIONER'S MOTION FOR EXPEDITED CONSIDERATION

        STEPHEN KRESS, an attorney duly admitted to practice before this

Court, affirms under penalty of perjury pursuant to 28 U.S.C. § 1746 that:

        1.      I am an Assistant District Attorney, of counsel to CYRUS R.

VANCE, JR., District Attorney of New York County.  I represent respondent in

this matter.  I submit this affirmation in opposition to petitioner's motion for

expedited consideration of his petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2241.

        2.      On November 15, 2016, petitioner was arrested in connection with

a shooting that occurred the previous day.  On November 16, 2016, he was

arraigned in Criminal Court, New York County, on a felony complaint charging

him with Gang Assault in the Second Degree, a class C violent felony carrying a

sentence of three and a half to fifteen years in prison for a first-time offender

(Penal Law §§ 70.02[1][b], [3][b]; 120.06).  At arraignment, the Criminal Court judge set bail in the amount of $3,000 cash or bond.

3.      On December 7, 2016, a grand jury returned an indictment charging petitioner with one count each of Attempted Murder in the Second Degree (Penal Law §§ 110.00/125.25[1]), Assault in the First Degree (Penal Law § 120.10[1]), and Attempted Assault in the First Degree (Penal Law §§ 110.00/120.10[l]), as well as two counts of Criminal Possession of a Weapon in the Second Degree (Penal Law § 265.03[1][b], 265.03[3]).

4.      On January 4, 2017, petitioner appeared before the Honorable James Burke for arraignment on the indictment in Supreme Court, New York County.  At the time of his Supreme Court arraignment, petitioner was not in custody because a friend had paid his $3,000 bail.[1]  At arraignment, however, the prosecutor asked the court to increase petitioner's bail to $75,000.  In support of that application, the prosecutor recounted the substantial evidence against petitioner.  Specifically, the prosecutor explained that an eyewitness who knew petitioner saw him pick a fight with the victim, whom petitioner knew; tackle the victim to the ground; and punch him repeatedly in the torso while another person kicked the victim in the head.  A third person then took out a gun, prompting petitioner to say, in substance, "Give it to me, I'm going to put one in him," at

_____

[1] To be clear, this was the only court proceeding petitioner was obligated to attend while out on bail.

which point the third person shot the victim in the chest from close range (Transcript of Supreme Court Arraignment, attached as Ex. A, Pg. 3-4, 8-10).

5.     The prosecutor also pointed out that circumstances had changed since petitioner's Criminal Court arraignment in that he had been indicted on more serious charges, including attempted murder, a class B violent felony requiring a sentence of between five and twenty-five years in prison. Petitioner opposed the application to raise his bail, arguing that his bail should remain at $3,000. After hearing both sides' arguments, Justice Burke raised petitioner's bail to $50,000 secured surety bond or cash with an examination of surety. Petitioner was unable to make bail and was taken into custody that day.

6.     On May 22, 2017, petitioner filed a petition a writ of habeas corpus in Supreme Court pursuant to CPLR Article 70, challenging his bail as excessive. On May 25, 2017, the Honorable Daniel FitzGerald denied the petition.

7.     Petitioner appealed to the Appellate Division, First Department. On March 20, 2018, the Appellate Division modified the bail order insofar as the court struck the requirement for a surety examination, but otherwise affirmed. The Appellate Division concluded that Supreme Court "did not abuse its discretion in setting bail of $50,000 secured surety bond or cash." People ex rel. Farbman v. Simon, 159 A.D.3d 534 (1st Dep't 2018).

8.    Petitioner then sought leave to appeal to the New York Court of Appeals, which denied his application on June 12, 2018. People ex rel. Farbman v. Simon, 31 N.Y.3d 909 (2018).

9.    More than two months later, on August 20, 2018, petitioner's counsel notified the District Attorney's Office that he intended to file the instant federal habeas petition that afternoon, along with a 48-page memorandum of law, 496-page appendix, motion for anonymity, and motion for expedited consideration. Counsel ultimately filed the petition and supporting papers on August 21, 2018. The petition alleges that petitioner's pretrial incarceration violates the Equal Protection and Due Process Clauses of the Fourteenth Amendment, and that his bail is unconstitutionally excessive.

10.   In his motion for expedited consideration, petitioner asks the Court to direct respondent to answer the merits of the petition by August 27, 2018—that is, within four business days of the petition's filing. This extremely abbrieviated response time is necessary, he contends, because his criminal trial is "tentative[ly]" scheduled to begin on September 5, 2018, at which time, he urges, the issues raised in the petition will become moot. Petitioner further contends that four business days is a reasonable amount of time to respond because he has already raised the claims advanced in the petition in state court, rendering respondent's burden in answering the petition "minimal" (Mem. of Law for Expedited Consideration, Pg. 2-3).

11.    Petitioner's request is unreasonable and should be denied.   For starters, it is not clear that this case will become moot on September 5, 2018.  As even petitioner acknowledges, his trial is only "tentatively" set to begin that day (Mem. of Law in Support of Petition, Pg. 6 n.10).  Additionally, since petitioner's complaint is that he is improperly being held in custody before trial, it is not clear that mooting this case by having the trial promptly is an outcome to be avoided.

12.    In any event, to the extent this case faces a risk of becoming moot, that is an issue of petitioner's own creation.  The New York Court of Appeals denied his application for leave to appeal on June 12, 2018.  If, as petitioner claims, the burden of responding to the petition is "minimal" because he has "already raised these claims at each and every stage of the state court proceedings" (Mem. of Law for Expedited Consideration, Pg. 3), then, by the same logic, the burden of filing this case should have been equally light.  Yet, petitioner has offered no explanation for why it took him more than two months to bring this action.  It is unfair to inexplicably delay filing and then demand an immediate response on the ground that the case faces potential mootness; surely, it is not a reason for granting expedited consideration.

13.    Moreover, it is neither reasonable nor fair to give respondent less than a week to answer papers that took petitioner more than two months to prepare.  Petitioner does not explain why he should be entitled to such favorably

disparate treatment. Rather, basic fairness dictates that respondent receive the same amount of time to file a submission as petitioner took to file his.

14. While petitioner claims that the burden of responding to the petition is "minimal," in fact, the complexity and significance of the issues presented require a thorough briefing. Indeed, the petition attacks what petitioner characterizes as an "established practice" in the New York state courts "of imprisoning defendants solely because they are too poor to pay monetary bail" (Mem. of Law in Support of Petition, Pg. 1). The fact that there has been litigation in state court does not, of course, distinguish petitioner's case from other habeas petitions, or justify rushed briefing, since, as a general matter, all petitions must raise claims that have been litigated in state court to avoid dismissal for lack of exhaustion. See, e.g., Booker v. Ewald, 2015 WL 4716255, at *2-3 (E.D.N.Y. Aug. 7, 2015) (exhaustion requirement applies to habeas petitions under 28 U.S.C. § 2241).

15. In fact, to properly address the merits of petitioner's claim, respondent must address important questions of federal law that never arose in state court. For example, this case raises the question of whether and when, under Younger v. Harris, 401 U.S. 37 (1971), a federal court must abstain from interfering with a state court bail determination in an ongoing state court criminal proceeding. See Jordan v. Bailey, 570 F. App'x 42 (2d Cir. 2014). In addition, addressing petitioner's claims requires consideration of whether the highly

deferential standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 governs habeas corpus petitions filed under 28 U.S.C. § 2241.  See Hoffler v. Bezio, 726 F.3d 144, 151-52 (2d Cir. 2013) (noting that the issue has not been decided by the Second Circuit).  None of these issues can—or should—be given short shrift.  In sum, it can hardly be said that respondent's burden in answering the petition is "minimal."

16.    If anything in this case is "minimal," it is petitioner's likelihood of success on the merits.  Without engaging in a full discussion of the merits here, it is worth noting that the Criminal Court judge who initially set petitioner's bail observed that, based on the court file, petitioner appeared to have "weak ties" to the community, and that petitioner was "not recommended" for release by the New York City Criminal Justice Agency.  However, the judge felt that the People had "issues with their case at this point."  And, given that the top charge was second-degree gang assault, the judge set minimal bail of $3,000, noting that bail could "[o]bviously . . . be revisited if other charges [we]re brought down the line" (Transcript of Criminal Court Arraignment, attached as Ex. B, Pg. 4-7).

17.    Thereafter, petitioner was indicted for the much more serious charge of attempted murder, among other crimes.  At petitioner's Supreme Court arraignment, the prosecutor made a detailed bail application, noting that the the bail that had been set had been "woefully inadequate" because the felony complaint had not done a good job of explaining petitioner's culpability (Ex. A,

Pg. 4).  Thus, before Justice Burke, she outlined in detail the "incredibly serious" allegations against petitioner (id. at 2).

18.     During the ensuing discussion, Justice Burke questioned the prosecutor at some length about the strength of the case against petitioner. While petitioner now contends that Justice Burke failed to consider his ability to pay when setting bail, the transcript makes clear that Justice Burke was indeed aware that petitioner made "very little money, probably the minimum wage," working as a dish washer at a pizzeria (Ex. A, Pg. 8).  Justice Burke was also told that $3,000 was "a lot of bail" for petitioner, and that it was petitioner's friend, not petitioner, who had posted that bail (id. at 4).  And while petitioner accuses the court of failing to determine that he was a flight risk, as noted, the court file contained information about the Criminal Justice Agency's assessment in that regard.  Moreover, much of the Supreme Court arraignment was spent discussing the severity of the charges in the indictment and the strength of the evidence against petitioner, which are relevant factors in assessing risk of flight.  See United States v. Williams, 654 F. App'x 3, 4 (2d Cir. 2016); United States v. Cilins, 2013 WL 3802012, at *2 (S.D.N.Y. July 19, 2013).

19.     Accordingly, respondent asks that petitioner's request for an expedited briefing schedule be rejected.  Respondent requests 60 days—which is less than the amount of time petitioner took to bring this case following the denial of his application for leave to appeal—to respond to the petition.

Dated:  August 22, 2018
        New York, New York

                        CYRUS R. VANCE, JR.
                        District Attorney, New York County
                        One Hogan Place
                        New York, New York 10013

                        BY: ____*Stephen Kress*_____
                            STEPHEN KRESS (SK-1024)
                            Assistant District Attorney
                            Attorney of Record
                            kresss@dany.nyc.gov