UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

E.A.

    Petitioner,

-against-                                          18 Civ. 7603 (CM)

CYNTHIA BRANN, Commissioner,
New York City Department of Corrections,

    Respondent.

------------------------------------------------------------X

**ORDER SETTING SCHEDULE, DENYING MOTION FOR PLAINTIFF'S EXPEDITED SCHEDULE, AND DENYING MOTION FOR LEAVE TO PROCEED ANONYMOUSLY**

McMahon, C.J.:

Yesterday, Petitioner – a state pre-trial detainee who has been indicted for attempted murder, allegedly in the context of a gang – filed a writ of habeas corpus, arguing that his bail ($50,000) has been set at an unconstitutionally high level, such that he was being jailed solely because of his inability to pay.

Presently before the Court are several preliminary matters that must be dealt with today. For these purposes, a detailed recitation of the facts is not needed.

    I.    **Motion for Expedited Treatment**

Petitioner has filed a motion for expedited treatment. The motion, at least insofar as it requests a particular schedule calling for oral argument no later than August 31, 2018, is DENIED.

1

Petitioner has mounted a constitutional challenge to New York's system for admitting individuals to bail. He asserts that this is, as to him, a matter of tremendous urgency, since his trial date is presently set for September 5, 2018.

However, Petitioner's bail was set at $50,000 in January 2017, and he has been on remand status ever since. The process of exhausting his administrative remedies in the New York State courts concluded two and one half months ago, on June 12, 2018, when the New York Court of Appeals refused to renew the Appellate Division, First Department's affirmance of the denial of his state habeas petition. Urgency would have dictated the immediate filing of a petition for a writ in this Court – not waiting weeks and weeks, until such time as the petition might soon become moot because Plaintiff ceases to be a pre-trial detainee. The decision to delay filing was made by Petitioner's counsel, for such reasons as seemed good to them. It will not, however, dictate an over-hasty consideration of the weighty issues raised by the petition – issues that are of the greatest public importance; that go far beyond Petitioner's individual case; that have been addressed by a highly-credentialed "blue ribbon" commission; and that are presently being bruited in the Legislature, the Bar and the press.

A quick review of the papers filed in support of the petition reveals that Petitioner has, in this guise of his "as applied" challenge addressing the handling of his case, mounted an all-out attack on the constitutionality of the state's bail statute, N.Y. Crim. Proc. Law § 510.30, on the ground that ability to pay – which, according to Petitioner, is a constitutionally-compelled requirement of bail – is not taken into account in setting bail under state law.[1] Under federal law, if a party challenges the constitutionality of a state statute in federal litigation and neither the

---

[1] From my cursory review of the brief in support of the Petition, it seems that the failure to assess Petitioner's risk of flight – which he asserts is negligible based on his having shown up at his first and only court appearance while he was at liberty after posting a lesser bail that was eventually set – is also assigned as an error of constitutional dimension.

2

State nor any state agency, officer, or employee is a party, the court shall notify the Attorney General of the challenge and shall grant the Attorney General intervention as of right. 28 U.S.C. § 2403, Fed. R. Civ. P. 5.1; *see also* Fed. R. Civ. P. 24. Of course, when he is acting as a prosecutor, the New York County District Attorney, who often represents Respondents in opposition to petitions for habeas matters, is considered to be a state officer. *See Myers v. Cty. of Orange*, 157 F.3d 66, 77 (2d Cir. 1998); *Baez v. Hennessy*, 853 F.2d 73, 77 (2d Cir. 1988) ("When prosecuting a criminal matter, a district attorney in New York State, acting in a quasi-judicial capacity, represents the State not the county."). However, Mr. Vance and his office are not prosecuting Petitioner's case in this Court; more important, they are not *party* to this lawsuit. The Commissioner of the New York City Department of Corrections ("DOC") is the only party respondent; and as far as this Court knows, neither she nor her agency qualifies as a "state agency, officer or employee" for purposes of 28 U.S.C. § 2403. The Commissioner should be given an opportunity to weigh in on that question before the Court decides whether it must notify the Attorney General before proceeding on the merits.

Therefore, the Court sets the following schedule: the petition must be served on the Commissioner tomorrow, August 23, 2018, by 12 P.M. After reviewing the papers, whoever is representing the Commissioner (whether that be the New York County District Attorney or the Office of the Corporation Counsel) shall advise this Court, no later than 5 P.M. on Monday, August 27, whether, in its view, this is a case in which notice pursuant to 28 U.S.C. § 2403 must be given to the Attorney General. The Court will also consider the matter. If I conclude that notice is required, the Court will issue the same next week, together with a schedule for intervention should the Attorney General desire to be heard on any aspect of the petition.

The Commissioner shall respond to the Petition on the merits by filing an Answer and a Memorandum of Law in opposition to the Petition no later than September 6, 2018 at 5 P.M. The Commissioner shall particularly indicate in its response whether adequate state issues bar consideration of the petition, or whether the Court should limit consideration to the issue of whether Petitioner was accorded Due Process at his bail hearing, as opposed to the broader constitutional issues raised by the petition. Of course, the Commissioner is free to, and should, address any and all issues that are raised by the Petition and that are necessary to a decision.

Reply papers from Petitioner, if any, must be filed by September 13, 2018.

The Court will hold a hearing on this matter on Friday, September 21, 2018, at 10 A.M. in Courtroom 24A in the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York.

All papers shall be filed on ECF, with courtesy copies to be delivered directly to chambers.

## II. Motion for Leave to Proceed Anonymously

Petitioner has moved for leave to proceed anonymously in this matter, and for leave to redact all exhibits in this matter accordingly.

The application for leave to file papers anonymously is DENIED.

"[W]hen determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008).

I must first note that the face of the petition (which was filed using Petitioner's initials) and other documents filed in this matter (including the Memorandum of Law) reveal that

Petitioner's motion for leave to appeal to the New York Court of Appeals was denied on June 12, 2018. That, coupled with his initials, is sufficient to allow anyone to find his name in the records of the New York Court of Appeals, where the matter was litigated under Plaintiff's name. In short, sufficient information is already publicly available to render anonymity in this case of no value.

Furthermore, Petitioner has not articulated any legitimate privacy interest that would be furthered by permitting this case to be filed anonymously. Petitioner's asserted reason for filing anonymously is the possibility that his immigration status will be revealed, thereby causing him to come (or to come more easily) to the attention of federal immigration authorities. As Justice Fitzgerald noted at the hearing on Petitioner's state habeas petition, immigration status is a matter that is routinely taken into account in setting bail – not just in the New York State Supreme Court, but in this and every court. It will have to be taken into account by this Court as it reviews the orders of the state courts.

Petitioner wants to litigate anonymously because he does not want to be captured by federal immigration authorities. He notes in his moving brief that United States Immigration and Customs Enforcement ("ICE") authorities cannot presently lodge a detainer against Petitioner that the New York State courts will honor. *See* Memorandum of Law in Support of Emergency Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 4, at 13 n.12. But that bears not a whit on the issue of anonymity, since (1) it appears that ICE already knows about Petitioner, since it has already tried to lodge said detainer against him; and (2) because of a provision of the New York City Administrative Code, DOC will not honor any ICE detainer, regardless of Petitioner's status as named or anonymous in this court – at least, not until Petitioner stands convicted of some crime. That particular local law has interesting ramifications

that may someday be of concern to a federal judge; but it is not a law with which this court has any business becoming involved in the context of this lawsuit.

The Second Circuit in *Sealed Plaintiff* identified the following ten non-exhaustive factors to be considered in determining whether a plaintiff should be allowed to proceed anonymously:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature;
>
> (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;
>
> (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;
>
> (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his or her age;
>
> (5) whether the suit is challenging the actions of the government or that of private parties;
>
> (6) whether the defendant is prejudiced by allowing the plaintiff to press his or her claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;
>
> (7) whether the plaintiff's identity has thus far been kept confidential;
>
> (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his or her identity;
>
> (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and
>
> (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff v. Sealed Defendant*, 537 F.3d at 190 (alterations, citations, and internal quotation marks omitted). "[A] district court is not required to list each of the factors or use any

particular formulation as long as ... the court balance[s] the interests at stake in reaching its conclusion." *Id.* at 191 n.4.

Contrary to Petitioner's assertion, these factors do not weigh in his favor. This case involves matters that are not highly sensitive, as are matters involving medical conditions and educational accommodations, which are often litigated using initials rather than full names. They are, and for twenty months have been, matters of public record.

There has been absolutely no showing that identifying Petitioner poses any risk of the kind that the second factor seeks to protect – which is not the reach of the law, but of a risk physical or mental retribution (for, say, a domestic violence victim).

Revealing Petitioner's identity might subject him to the harm of deportation – and it is a harm – but this Court has no business interfering with the enforcement of federal law.

Petitioner's age does not render him vulnerable – his immigration status does, but that is not what the fourth factor is intended to reach.

His suit is challenging governmental action, which renders his identity of greater public interest than would be the case if this were, say, a matter involving his medical condition or his child's individualized education program.

The issues presented in this case, while essentially legal, are not purely so; and they are presented in a manner that causes the public to have no less interest in knowing who is challenging the state's bail statute than the public has in any ordinary case.

There is no alternative mechanism for keeping Plaintiff's identity a secret as this lawsuit proceeds.

And so we reach the seventh factor. Petitioner's challenge to his bail has long been litigated openly and under his name, not anonymously. Indeed, the seventh factor – whether

Plaintiff's identify has thus far been kept confidential – is more or less determinative here. This matter has not proceeded anonymously to date; Petitioner's name appears on his indictment and on all papers and transcripts created in connection with his challenge to his bail as it wended its way through the state courts.[2] If the state courts were ever asked to protect Petitioner's identity, they obviously declined to do so – and I very much doubt that they were asked. The only articulated reason for allowing to proceed anonymously – to enable Petitioner to avoid the reach of federal authorities – is unpersuasive, since it seems that ICE already knows who Petitioner is.

The only factor that even arguably favors Plaintiff is the undeniable fact that there is no real harm to the Commissioner if this action proceeds anonymously. That factor strikes this court as of little or no importance. It is certainly not important enough to overcome the fact that Petitioner has litigated the issue of his bail under his own name for the last year and two thirds.

Counsel for Petitioner are directed to refile all papers in this matter without redaction and under Petitioner's name.

## CONCLUSION

The motions for expedited treatment and for leave to proceed anonymously are DENIED. I cannot tell the Clerk of Court which docket entries to remove from the Court's list of open motions as they have not yet been docketed; but these motions should be closed as soon as the docket is prepared and this opinion (which should be the last entry on the docket at the close of business today) is docketed.

---

[2] Although these papers were redacted, at least in part, when filed with this Court, I asked for and received from the Legal Aid Society a copy of the record, which was provided to me unredacted. It shows that there was no anonymity during any proceeding in the New York State Supreme Court, the Appellate Division, or the Court of Appeals.

Dated: August 22, 2018

_____
Chief Judge

BY ECF TO ALL COUNSEL